UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XAVIER LOPEZ, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:17-CV-01632 |
| BANK OF AMERICA, N.A., | § § | |
| Defendant. | § § | |

### ORDER

Before the Court are Defendant's Motion to Dismiss (Doc. #19), Plaintiffs' Response (Doc. #21), and Defendant's Reply (Doc. #22). On February 23, 2018, the Court allowed Plaintiffs the opportunity to replead their claims. Doc. #17. Plaintiffs repleaded claims for quiet title and Texas Debt Collection Practices Act ("TDCPA"). However, after reviewing the parties' arguments and applicable legal authority, the Court grants Defendant's Motion to Dismiss.

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Court has reviewed Plaintiffs' Amended Complaint and finds Plaintiffs' claims do not meet the pleading requirement set forth in Rule 8. To survive a 12(b)(6) motion to dismiss, the complaint requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

As to the quiet title claim, neither the pleading nor the attached documents reveal that Plaintiffs tendered the balance owed on their loan. When plaintiffs fail to allege that they have tendered the amount owed on the loan, their quiet title claim fails as a matter of law.

*See Solis v. U.S. Bank, N.A.*, 2017 WL 4479957, *5 (S.D. Tex. June 23, 2017) ("Texas courts have made clear that a necessary prerequisite to the recovery of title is tender of whatever amount is owed on the note.") (citations omitted) (cleaned up).

Furthermore, rather than claiming the validity of their own title to the property, Plaintiffs attack the validity of Bank of America's title. Doc. #18 at 4. Plaintiffs allege issues with the note and deed of trust. *Id.* However, "arguments that merely question the validity of an assignment of a deed of trust . . . are not a sufficient basis for a quiet title action under Texas law." *Warren v. Bank of Am., N.A.*, 566 F. App'x. 379, 383 (5th Cir. 2014). A plaintiff must "prove and recover on the strength of his own title, not the weakness of his adversary's title." *Id.* at 382. Accordingly, Plaintiffs have failed to state a plausible claim for quiet title.

As to Plaintiffs' TDCPA claim, they allege that Defendant violated Chapter 392 of the Texas Finance Code. However, Plaintiffs fail to plead any facts to support this claim. Plaintiffs allege that they may prevail under TDCPA "if the creditor violates the Tex. Prop. Code 51.002" and then proceed to state that they are "not certain that Bank of America is the current creditor." Doc. #18 at ¶¶ 24, 25. Plaintiffs' TDCPA allegation is not supported by facts, and contains nothing more than threadbare recitals of a cause of action and conclusory statements that are not sufficient to support a claim. *See Iqbal*, 556 U.S. at 678.

Plaintiffs fail to address the pleading deficiencies noted by the Court in the previous Order on Defendant's Motion to Dismiss. Doc. #17. For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. Accordingly, Plaintiffs' claims are hereby DISMISSED.

It is so ORDERED.

MAR 1 2 2019
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge